Edward Susolik (Bar No. 151081)
Sharon Yuen (Bar No. 229356)
**CALLAHAN & BLAINE, APLC**
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff
PALM SPRINGS VILLAS II HOMEOWNERS
ASSOCIATION

**COZEN O'CONNOR**
Valerie D. Rojas
vrojas@cozen.com
601 S. Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: 213.892.7965
Facsimile: 213.784.9076

**BAILEY CAVALIERI LLC**
Michael R. Goodstein (*pro hac vice*)
mgoodstein@baileycav.com
James M. Young (*pro hac vice*)
jyoung@baileycav.com
10 W. Broad Street, Suite 2100
Columbus, OH 43215
Telephone: 614.221.3155
Facsimile: 614.221.0479

Attorneys for Defendant
LIBERTY INSURANCE UNDERWRITERS

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALM SPRINGS VILLAS II HOMEOWNERS ASSOCIATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS, and DOES 1-20, inclusive,<br><br>Defendants | **CASE NO.  5:20-cv-02555-JWH-SHK**<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   October 23, 2020<br>Trial Date:          None Set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 1. **INTRODUCTION**

## A. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B. **GOOD CAUSE STATEMENT**

This action is likely to involve confidential information for which special protection from public disclosure and from use for any purpose other than litigating this action is warranted.  This case involves a coverage dispute arising from coverage for an underlying litigation that involves third parties.  This litigation may require the production of confidential information of Plaintiff Palm Springs Villas II Homeowners Association, Inc. (the "Association") third parties from the underlying litigation as well as confidential and proprietary information from Defendant Liberty Insurance Underwriters.  Parties and third parties (both individual and corporate) may possess potentially discoverable information.  The confidential and proprietary information from parties and third parties will contain, inter alia, confidential business or financial information, proprietary business information, information regarding confidential business practices, trade secrets, commercial information

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

(including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Such confidential and proprietary materials may include, among other things, insurance underwriting and claims handling documents.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve he ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS

2.1   Action:  this pending federal lawsuit.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

2.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

- 5 -

1   qualifies under the appropriate standards. The Designating Party must designate for

2   protection only those parts of material, documents, items, or oral or written

3   communications that qualify so that other portions of the material, documents,

4   items, or communications for which protection is not warranted are not swept

5   unjustifiably within the ambit of this Order.

6       Mass, indiscriminate, or routinized designations are prohibited.  Designations

7   that are shown to be clearly unjustified or that have been made for an improper

8   purpose (e.g., to unnecessarily encumber the case development process or to impose

9   unnecessary expenses and burdens on other parties) may expose the Designating

10  Party to sanctions.

11      If it comes to a Designating Party's attention that information or items that   it

12  designated for protection do not qualify for protection, that Designating Party must

13  promptly notify all other Parties that it is withdrawing the inapplicable designation.

14      5.2   Manner and Timing of Designations.  Except as otherwise provided in

15  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

16  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

17  under this Order must be clearly so designated before the material is disclosed or

18  produced.

19      Designation in conformity with this Order requires:

20      (a)   for  information in documentary form  (e.g.,  paper or  electronic

21  documents, but excluding transcripts of depositions or other pretrial or trial

22  proceedings), that  the Producing Party affix at a minimum, the  legend

23  "CONFIDENTIAL"  (hereinafter  "CONFIDENTIAL  legend"), to each  page that

24  contains protected material. If only a portion or portions of the material on a page

25  qualifies for protection, the Producing Party also must clearly identify the protected

26  portion(s) (e.g., by making appropriate markings in the margins).

27      A Party or Non-Party that makes original documents available for inspection

28  need not designate them for protection until after the inspecting Party has indicated

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party  has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party  must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  designation of confidentiality at any time that is consistent with the Court's

2  Scheduling Order.

3       6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

4  resolution process under Local Rule 37.1 et seq.

5       6.3    The burden of persuasion in any such challenge proceeding shall be on

6  the Designating Party.  Frivolous challenges, and those made for an improper

7  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

8  parties) may expose the Challenging Party to sanctions.  Unless the Designating

9  Party has waived or withdrawn the confidentiality designation, all parties shall

10  continue to afford the material in question the level of protection to which it is

11  entitled under the Producing Party's designation until the Court rules on the

12  challenge.

13

14  **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

15       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

16  disclosed or produced by another Party or by a Non-Party in connection with this

17  Action only for prosecuting, defending, or attempting to settle this Action.  Such

18  Protected Material may be disclosed only to the categories of persons and under the

19  conditions described in this Order.  When the Action has been terminated, a

20  Receiving Party must comply with the provisions of section 13 below (FINAL

21  DISPOSITION).

22       Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons

24  authorized under this Order.

25       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

26  otherwise ordered by the court or permitted in writing by the Designating Party, a

27  Receiving Party may disclose any information or item designated

28       "CONFIDENTIAL" only to:

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    (a)    the Receiving Party's Outside Counsel of Record in this Action, as well

2 as employees of said Outside Counsel of Record to whom it is reasonably necessary

3 to disclose the information for this Action;

4    (b)    the officers, directors, and employees (including House Counsel)

5 of the Receiving Party to whom disclosure is reasonably necessary for this Action;

6    (c)    Experts (as defined in this Order) of the Receiving Party to whom

7 disclosure is reasonably necessary for this Action and who have signed the

8 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (d)    the court and its personnel;

10    (e)    court reporters and their staff;

11    (f)    professional jury or trial consultants, mock jurors, and Professional

12 Vendors to whom disclosure is reasonably necessary for this Action and who have

13 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14    (g)    the author or recipient of a document containing the information or

15 a custodian or other person who otherwise possessed or knew the information;

16    (h)    during their depositions, witnesses, and attorneys for witnesses, in the

17 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

18 requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

19 not be permitted to keep any confidential information unless they sign the

20 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

21 agreed by the Designating Party or ordered by the court. Pages of transcribed

22 deposition testimony or exhibits to depositions that reveal Protected Material may

23 be separately bound by the court reporter and may not be disclosed to anyone except

24 as permitted under this Stipulated Protective Order; and

25    (i)    any mediator or settlement officer, and their supporting personnel,

26 mutually agreed upon by any of the parties engaged in settlement discussions; And

27    (j)    Auditors, regulators, and other such entities as is reasonably necessary

28 in the ordinary course of business and who have signed the "Acknowledgment and

1  Agreement to Be Bound" (Exhibit A).

2

3  **8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

4       If a Party is served with a subpoena or a court order issued in other litigation

5  that compels disclosure of any information or items designated in this Action as

6  "CONFIDENTIAL," that Party must:

7       (a)     promptly notify in writing the Designating Party.  Such notification

8  shall include a copy of the subpoena or court order;

9       (b)     promptly notify in writing the party who caused the subpoena or order

10 to issue in the other litigation that some or all of the material covered by the

11 subpoena or order is subject to this Protective Order.  Such notification shall include

12 a copy of this Stipulated Protective Order; and

13      (c)     cooperate with respect to all reasonable procedures sought to be

14 pursued by the Designating Party whose Protected Material may be affected.

15      If the Designating Party timely seeks a protective order, the Party served with

16 the subpoena or court order shall not produce any information designated in this

17 action as "CONFIDENTIAL" before a determination by the court from which the

18 subpoena or order issued, unless the Party has obtained the Designating Party's

19 permission.  The Designating Party shall bear the burden and expense of seeking

20 protection in that court of its confidential material and nothing in these provisions

21 should be construed as authorizing or encouraging a Receiving Party in this Action

22 to disobey a lawful directive from another court.

23

24 **9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

25      (a)     The terms of this Order are applicable to information produced by a

26 Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

27 produced by Non-Parties in connection with this litigation is protected by the

28 remedies and relief provided by this Order.  Nothing in these provisions should be

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  construed as prohibiting a Non-Party from seeking additional protections.

2  (b)  In the event that a Party is required, by a valid discovery request, to

3  produce a Non-Party's confidential information in its possession, and the Party is

4  subject to an agreement with the Non-Party not to produce the Non-Party's

5  confidential information, then the Party shall:

6  (1)  promptly notify in writing the Requesting Party and the Non-Party that

7  some or all of the information requested is subject to a confidentiality agreement

8  with a Non-Party;

9  (2)  promptly provide the Non-Party with a copy of the Stipulated

10  Protective Order in this Action, the relevant discovery request(s), and a reasonably

11  specific description of the information requested; and

12  (3)  make the information requested available for inspection by the Non-

13  Party, if requested.

14  (c)  If the Non-Party fails to seek a protective order from this court within

15  14 days of receiving the notice and accompanying information, the Receiving Party

16  may produce the Non-Party's confidential information responsive to the discovery

17  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

18  not produce any information in its possession or control that is subject to the

19  confidentiality agreement with the Non-Party before a determination by the court.

20  Absent a court order to the contrary, the Non-Party shall bear the burden and

21  expense of seeking protection in this court of its Protected Material.

22

23  **10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25  Protected Material to any person or in any circumstance not authorized under this

26  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

27  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

28  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

1  persons to whom unauthorized disclosures were made of all the terms of this Order,

2  and (d) request such person or persons to execute the "Acknowledgment and

3  Agreement to Be Bound" that is attached hereto as Exhibit A.

4

5  **11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

6          When a Producing Party gives notice to Receiving Party that certain

7  inadvertently produced material is subject to a claim of privilege or other protection,

8  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

9  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

10  procedure may be established in an e-discovery order that provides for production

11  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

12  (e), insofar as the parties reach an agreement on the effect of disclosure of a

13  communication or information covered by the attorney-client privilege or work

14  product protection, the parties may incorporate their agreement in the stipulated

15  protective order submitted to the court.

16

17  **12.     MISCELLANEOUS**

18          12.1     Right to Further Relief. Nothing in this Order abridges the right of any

19  person to seek its modification by the Court in the future.

20          12.2     Right to Assert Other Objections. By stipulating to the entry of this

21  Protective Order no Party waives any right it otherwise would have to object to

22  disclosing or producing any information or item on any ground not addressed in this

23  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

24  ground to use in evidence of any of the material covered by this Protective Order.

25          12.3     Filing Protected Material.  A Party that seeks to file under seal any

26  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

27  may only be filed under seal pursuant to a court order authorizing the sealing of the

28  specific Protected Material at issue.  If a Party's request to file Protected Material

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1 under seal is denied by the court, then the Receiving Party may file the information

2 in the public record unless otherwise instructed by the court.

3

**13.** **FINAL DISPOSITION**

5          After the final disposition of this Action, as defined in Paragraph 4, within 60

6 days of a written request by the Designating Party, each Receiving Party must return

7 all Protected Material to the Producing Party or destroy such material. As used in

8 this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

9 summaries, and any other format reproducing or capturing any of the Protected

10 Material. Whether the Protected Material is returned or destroyed, the Receiving

11 Party must submit a written certification to the Producing Party (and, if not the same

12 person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

13 (by category, where appropriate) all the Protected Material that  was  returned or

14 destroyed  and  (2) affirms  that  the  Receiving  Party  has  not  retained  any

15 copies, abstracts, compilations, summaries or any other format reproducing or

16 capturing any of the Protected Material. Notwithstanding this provision, Counsel are

17 entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

18 and hearing transcripts, legal memoranda, correspondence, deposition and trial

19 exhibits, expert reports, attorney work product, and consultant and expert work

20 product, even if such materials contain Protected Material.  Any such archival

21 copies that contain or constitute Protected Material remain subject to this Protective

22 Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  April 7, 2021                    **CALLAHAN & BLAINE, APLC**


By: */s/ Sharon Yuen*
     Edward Susolik
     Sharon Yuen
     Attorneys for Plaintiff PALM SPRINGS
     VILLAS II HOMEOWNERS
     ASSOCIATION

Dated:  April 7, 2021                    **COZEN O'CONNOR**

By: */s/ Valerie D. Rojas*
     Valerie D. Rojas
     Attorneys for Defendant LIBERTY
     INSURANCE UNDERWRITERS

Dated:  April 7, 2021                    **BAILEY CAVALIERI LLC**

By: */s/ James M. Young*
     James M. Young
     Attorneys for Defendant LIBERTY
     INSURANCE UNDERWRITERS

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated:  April 9, 2021          By: _____
                             Hon. Shashi H. Kewalramani
                             Magistrate Judge

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1        Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures:

2        I, Sharon Yuen, attest that all other signatories listed, and on whose behalf

3   this filing is submitted, concur in the filing's content and have authorized the filing.

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**CERTIFICATE OF SERVICE**

*Palm Springs Villas II Homeowners Association, Inc. v. Liberty Insurance Underwriters, et al.*
**United States District Court for the District of California, Central Division
Case No. 5:20-cv-02555-JWH-SHK**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707.

On April 7, 2021, I served the following document(s) described as

**JOINT STIPULATED PROTECTIVE ORDER**

on the interested parties in this action by placing: ☐ the original ☒ a true copy to the following e-mail addresses as follows:

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Valerie D. Rojas          vrojas@cozen.com

Michael R. Goodstein      mgoodstein@baileycav.com

James M. Young            jyoung@baileycav.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 14, 2021, at Santa Ana, California.

/s/ *Yvonne Jimenez*
Yvonne Jimenez

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Palm Springs Villas II Homeowners Association, Inc. v.*

*Liberty Insurance Underwriters, et al*, Case No. 5:20-cv-02555-JWH-SHK.  I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print or

type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 16 -